## EMMA BECKLEY *vs.* FRANK METCALF *et al.*

### APPEAL FROM THE CHANCELLOR.

### JULY TERM, 1886.

### JUDD, C. J. ; McCULLY and PRESTON, JJ.

A testator devised the greater part of his real estate to his daughter, and charged it with payment of debts; it was sold to pay debts.

Held, that the devisee could not be reimbursed from the residue of the estate, specifically devised to others.

Decree affirmed.

OPINION OF THE COURT, BY PRESTON, J.

ON appeal from the Chancellor.

The nature of the case appears in the following decision of the Chancellor, which is appealed from :

### DECISION OF THE CHANCELLOR BELOW.

This is a bill in equity alleging substantially that plaintiff is the daughter and sole heir-at-law of Theophilus Metcalf, who deceased in August, 1866, leaving real and personal estate in this Kingdom, which he disposed of by will duly admitted to probate ; that under the directions of the will, all the real and personal property, devised and bequeathed to plaintiff, was sold to pay the debts due from the estate of the testator and no part remained for distribution to the plaintiff; that a specific devise of certain real estate (fully described in the bill) was made in the said will to Frank Metcalf, defendant, for life with remainder to his surviving children, and, on failure of issue, to defendants, Helen Rowland and Julia Prosser ; that defendant, Frank Metcalf, has minor children, named in the bill ; that plaintiff, though the sole lawful heir of Theo. Metcalf, was, by reason of the carrying out of the said will and the sale of all the property devised to her to pay testator's debts, deprived of every part of the property or interest in the property belonging to her father at the time of his decease ; plaintiff married in 1867 and remained under coverture till 1881, when her husband died and she has not married since; that on the 14th of October, 1885, the interest of Frank Metcalf in the lands devised to him as above set forth was sold at public auction to Andrade, Hayselden, Kidwell and Henson, defendants, and another parcel on Beretania street was previously sold by F. Metcalf as administrator *de bonis non* of T. Metcalf, to L. Aseu, defendant ; that these sales, except the last, were without validity to pass the fee, as Frank Metcalf had only a life interest in the same.    The bill prays for the appointment of a guardian *ad litem* for the minor respondents and that such share of the property devised and bequeathed to Frank Metcalf be awarded to plaintiff as to the Court shall seem equitable, etc.

The attorney *ad litem* has filed a demurrer and plea and the other defendants have either demurred or answered.

These demurrers raise the question whether, since the specific devise of the plantation of Kaupakuea to the plaintiff was charged with the payment of the testator's debts and the same sold for this purpose, the plaintiff as specific devisee is entitled to exoneration out of the lands devised to the other specific devisees.

I have searched the books in vain to find authority to sustain the view contended for in the bill. I think the right of a specific devisee to marshal the assets as against the heir of the descended estate is clear, following the general rule that assets are to be applied in the following order, (first) the personal estate, not expressly nor by implication exempted : (second) lands specifically devised to pay debts ; (third) estates descended to the heir ; (fourth) devised land, charged with the payment of debts generally ; (fifth) general pecuniary legacies *pro rata* ; (sixth) specific legatees *pro rata* ; (seventh) real estate devised, whether in terms general or specific.

2 Leading Cases in Equity, 326 ; *Hays vs. Jackson*, 6 Mass., 149.

But I am unable to find a case where, the personal estate having been first exhausted, and the real estate, specifically devised and charged with the payment of debts generally, being next taken for this purpose and sold and the debts discharged, that the devisee of this portion of the estate has the right to be reimbursed from the portion of the other specific devisees.

For this reason I think the demurrer should be sustained.

The other points made I have not considered, as being unnecssary.

---

In support of the appeal, Mr. Neumann contended (*inter alia*) that under established rules it is not sufficient that one part of the estate should be charged (*with the debts*) and all the rest exonerated, unless such exoneration is stated in the will in express terms. Story's Eq. Jur. 572, 573 and 574.

This is not the case here. By this will, T. Metcalf under the impression, evidently, that he had devised the most valuable part of the estate to the plaintiff, charged not only the debts but also legacies upon the proceeds of the estate devised to plaintiff.

Counsel further contended that nearly all the adjudged cases go to the extent that the charge of debts upon a specific devise does not imply an exoneration of the other portion of the estate unless there is an express provision for such exoneration.

A part of the residue of the estate, Mr. Neumann urged, is in the same position in which it was when the will went into effect; that that part, at least, should be made to contribute in proportion to make good in a measure the loss of her entire inheritance to the heir.

Counsel also contended that, although there might be no direct authority for the granting of the relief sought, still no case could commend itself more strongly to a favorable consideration by a Court of Equity.

Story's Eq. Jur., 566, 566a and 570, and cases there cited. Redfield on Wills, p. 365, note 33, 3rd ed.

### BY THE FULL COURT.

If by the " residue of the estate" is meant the residuary estate devised by the will, the plaintiff has not claimed to be exonerated therefrom by her Bill, neither has she made the residuary devisees (the Trustees of Oahu College) parties, and, therefore, we cannot consider whether she is entitled to be so exonerated.

If plaintiff's counsel only means the lands devised to the defendant, Frank Metcalf, then the point is covered by this decision.

The contention made by the plaintiff's counsel that the intention to exonerate should be stated in the will, in express terms, is too broad. It is sufficient if "a manifest intention" appears (Story's Eq. Jur., 571) and we think such a manifest intention is apparent in this will.

The plaintiff has failed to convince us that there is any authority to support the claim set up by the bill or that the decision appealed from is incorrect.

We therefore affirm such decision and dismiss this appeal with costs.

*P. Neumann*, for plaintiff.

*J. A. Magoon*, for minor defendants and Mrs. Prosser.

*Ashford & Ashford*, for other defendants.

Honolulu, July 30, 1886.